## Samuel Lester *et al.*
### *v.*
## The Heirs of William White.

1. Witness — *a grantor in a deed — having an interest in suit — incompetent.* A grantor in a deed, who has made general covenants of warranty, and that he had power to sell, and that the land was free from incumbrances, is an incompetent witness, without a release, for his grantee, in a suit where the plaintiff claims title through another channel.

2. Pre-emption — *right to — not a mere chattel interest.* The interest acquired by a pre-emption right is not a mere chattel interest which can be transferred by parol, but requires a written instrument to pass such right or title.

3. Same — *may be taken on execution — or on death of owner, descends to the heir.* It is a right which may be taken on execution; or upon the death of the owner, it descends to the heir, and will not go to the executor or administrator.

4. Same — *conveyance of — may be compelled in certain cases.* One of a number of heirs to such pre-emption right can maintain a bill to compel a conveyance of his interest from one who has received a deed from the other heirs of their interests and the deed of a commissioner appointed by a decree conveying the interest of such heir, he not having sold any interest in such pre-emption right.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. H. K. S. O'MELVENY, Judge, presiding.

The opinion states the case.

Mr. B. B. SMITH, for the plaintiffs in error.

Mr. SILAS L. BRYAN, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Circuit Court of Marion county, exhibited by Samuel Lester, and Ann Lester, his wife, against William White, to compel him to convey to Ann the one-fifth interest in the east part of the north-west quarter of section 22, in township two (2), north, range two (2), east, in Marion county. During the pendency of the suit, the defendant died intestate, and the suit progressed against his heirs at law, and such proceedings were had that the bill was dismissed.

To reverse this decision, the complainants bring this cause here, and assign this decision of the court as error, and also that the court admitted the testimony of Abraham Wimberly and Mary Ray, on behalf of the defendants, and against the objections of complainant, to maintain the title of White.

The objection to their testimony was well taken, for the reason given on the hearing, that they had executed a deed for this land to White, with covenants of general warranty, and that they had power to sell it, and that it was free from incumbrances. The exhibits in the cause show the fact, that they had executed such a deed, and it was the foundation of defendant's title. Of course they had such an interest as to render them incompetent, without a release.

It appears this tract of land was claimed by John Morgan in his life-time, under the pre-emption clause of the act incorporating the Illinois Central Railroad company, and proved in his name, but it was discovered, after the company had executed a deed, that the wrong tract had been conveyed, and the proof made for a tract not the one Morgan improved and lived

30 — 44TH ILL.

upon. Accordingly, new proofs were made as to the true tract, and a proper deed was executed by the company to John Morgan, dated before his death, White paying the purchase money, he having a title bond from all the heirs at law of Morgan, except Ann, the complainant. White, having received a deed from all the heirs of Morgan except the complainant Ann, filed a bill in chancery against complainants, to compel them to execute a deed for her interest in the land, setting forth, in the bill, that Abraham Wimberly, before Morgan's death, had purchased the improvement of Morgan, and had conveyed the same to him, White; and to this bill the trustees of the Central railroad were, at a subsequent term, made defendants, and such proceedings were had that complainant, White, dismissed the bill as to these complainants, Samuel and Ann Lester; and, the trustees defaulting, White took a decree, declaring the deed to John Morgan void, and requiring the trustees to make a deed to him, or, in default thereof, that a commissioner should be appointed for that purpose, which was done, and a deed made to White by a commissioner. Soon after which, complainants tendered to White fifty dollars, and demanded a deed from him for Ann's share, which he refused, and this bill was filed for a conveyance.

The defendant in his life-time answered the bill in full, avowing therein that Abraham Wimberly was the real owner of the pre-emption, and that he had purchased it of Wimberly and paid him for it, and alleges he was advised by his counsel to take the deed from Morgan's heirs for the land.

The question is presented by these pleadings, was this pre-emption right a chattel interest merely, which would pass by parol, or such an interest in land as to require a writing to prove a transfer? The court below held it was a chattel interest merely, and dismissed the bill.

We are of opinion this right is not a mere chattel interest. The pre-emption laws grant to the pre-emptor an estate in land upon conditions which become absolute upon the performance of those conditions. *McConnell* v. *Wilcox*, 1 Scam. 344; *Isaacs* v. *Steel*, 3 id. 97; *Bruner* v. *Manlove*, id. 339. It has been

said by this court in subsequent cases, that the interest acquired by a pre-emption right is not an estate within any definition known to the common law. It is not an interest in the legal title, but merely a right of occupancy for the time being, with the privilege of purchasing at some future period, at the stipulated price; such interests, however, are regarded by the courts of this State as property, which may pass by deed or other transfer (*Delauney* v. *Burnett*, 4 Gilm. 454; *May* v. *Symms*, 20 Ill. 95), and is liable to be taken and sold on execution, and of passing to an assignee under a decree of bankruptcy. *Turney* v. *Saunders*, 4 Scam. 527; *French* v. *Carr*, 2 Gilm. 664.

The interest in the land acquired by the pre-emption is such an interest as descends to the heir at law, and does not go to the executor or administrator, and so it appears the defendant, White, treated it, by taking first a bond from all the heirs except this complainant Ann, and afterward a deed for the land from all of them with the exception named. Had Morgan lived to take the deed executed by the railroad company to him, there could be no doubt of Ann Lester's right to one-fifth as one of his five heirs at law.

The defendant, White, holding under a deed executed by a commissioner under an order of court, the effect of which it is insisted divested the title out of the railroad company and vested it in White, it could only be to the extent of his conveyance from the heirs; and, as Ann Lester did not convey her interest, and White's deed includes that interest, justice and equity would require that it should be released and conveyed to her, on payment of her proportionate share of the purchase money with interest thereon.

The decree of the court below dismissing the bill is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*